UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 07 CR 707 |
| | ) | Honorable Judge Guzman |
| | ) | |
| KEITH CALVERT, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant, Keith Calvert, by and through his attorney, Eugene Steingold, moves this Honorable Court pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 to grant him a downward departure from the applicable sentencing guideline range, and in support thereof submits the following:

Keith Calvert ("Calvert") entered into a plea agreement with the government pursuant to Rule 11 (c) (1) (c). The parties have agreed that a sentence imposed by the Court shall include a term of imprisonment that is 66% of the low-end of the applicable guideline range. Keith Calvert's plea of guilty was accepted by this Court on April 4, 2008.

Paragraph 12 of the plea agreement provides that "[a]t the time of sentencing, the government shall make known to the sentencing judge the extent of defendant's cooperation. If the government determines that defendant has continued to provide full and truthful cooperation…then the government shall move the Court…to depart downward from the applicable Guideline range and to impose the specific sentence agreed to by the parties … "

Keith Calvert has fully cooperated with the government in this case from the time of his arrest. The government has indicated to counsel that it will make the motion for downward departure.

## COMMENTS PERTAINING TO PRESENTENCE INVESTIGATION REPORT

Calvert wishes to point out the following with respect to the Presentence Investigation Report ("PSR"). This comment has no effect on guideline calculations mentioned in the PSR. Calvert notes that as of now Latoya Fears would reside with the defendant upon his release, but not at her present location from which he was banned. PSR lines 324—327.

## POST-BOOKER SENTENCING CONSIDERATIONS

Under Booker, the United States Sentencing Guidelines are merely "advisory", and sentencing courts are required to consider all of the factors listed in 18 U.S.C. §3553(a) in imposing sentence. Booker, 125 S.Ct. 738, 757 (2005). The Seventh Circuit in United States v. Robinson, 435 F.3d 699, 700 (7th Cir. 2006) has noted that "[O]ur cases since Booker have explained the steps in criminal sentencing now that the sentencing guidelines are advisory. There are two: 1) calculate the appropriate advisory guidelines range; and 2) decide whether to impose a sentence within the range or outside it, by reference to the factors set forth in 18 U.S.C. § 3553(a)."

This Court has the discretion to determine the offense level in imposing a below-guidelines sentence. Thus, there is a need to conduct an analysis of how those Section 3553(a) factors apply, in order to impose a sentence that is "sufficient, but not greater than necessary, to comply with" the purposes of sentencing.

The sufficient-but-not-greater-than-necessary directive is not a "factor" to be considered. Rather, it sets an independent upper limit on the sentence a court may impose. In determining

what sentence is sufficient but not greater than necessary, the court should consider several factors including (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) the guidelines and policy statements issued by the Sentencing Commission, including the (now advisory) guideline range; and (3) the need to provide the defendant correctional treatment "in the most effective manner." 18 U.S.C. § 3553(a)(1), (a)(2)-(6).

Calvert's father left the family when Calvert was approximately 3 years old. His mother married James Dotson; they both worked full time and were not able to devote much time to raising Calvert. He was a hyperactive child, on medication (Ritalin). His mother was not able to control him and was physically abusive to him. Calvert ended up on the wrong side of the tracks He was first arrested in 1990, at the age of 12, and was incarcerated for 5 years at the age of 13. He had learning difficulties and had problems in school. He was referred to a counseling program, but apparently it did not influence his behavior. He began drinking and using marijuana.

While Calvert is ultimately responsible for the choices in life that he made, he realizes that these choices were wrong. Growing up in without a father, in a rough environment in his formative years, not fitting in and without proper direction, he ended up on the streets.

It seems that Calvert is ready to break out of that cycle. To accomplish this he needs treatment.

Section 3553(a)(2)(D) directs the Court to fashion a sentence that provides the defendant with necessary "medical care" or other "correctional treatment in the most effective manner." Accordingly, a sentence which includes intensive in-patient drug and mental health treatment is

the most effective way to enable Mr. Calvert to overcome his alcohol and drug problem in order to allow him upon his release to return to his family and become a productive member of society.

WHEREFORE, the defendant respectfully requests that this Honorable Court grant him a downward departure from the otherwise applicable guideline range, and take into account his circumstances, as outlined in the PSR, when imposing sentence.

>
> Respectfully submitted,
> Keith Calvert,
>
>
> By:/Eugene Steingold
> Eugene Steingold.

CERTIFICATE OF SERVICE

The undersigned Attorney hereby certifies that in accordance with Fed. R. Grim. P. 49, Fed. R. Civ. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following documents:

DEFENDANT'S SENTENCING MEMORANDUM

were served pursuant to the District Court's ECF system as to ECF filers, on August 27, 2008.

Eugene Steingold
Attorney for Defendant
111 West Washington Street
Chicago, Illinois 60602
(312) 726 1060